# UNITED STATES COURT OF APPEALS

## For the Fifth Circuit

---

No. 95-60307

---

Summary Calendar

BOBBY DANIEL HORTON, JR.,

Plaintiff-Appellant,

VERSUS

MISSISSIPPI STATE SENATE,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Southern District of Mississippi

---

(No. 3:95-CV-116BN)

August 30, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant, Bobby Daniel Horton, Jr., (Horton) appeals the district court's <u>sua sponte</u> dismissal of his civil rights action which sought an injunction and declaration that a Mississippi state legislative enactment is unconstitutional. Finding that the Eleventh Amendment of the United States Constitution does not bar an action for declaratory and injunctive relief against a state

---

[*] Local Rule 47.5 provides:
"The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

official in his official capacity to enforce a state law alleged to violate a provision of the United States Constitution, we REVERSE and REMAND to allow the appellant to amend his complaint.

Horton, proceeding pro se and in forma pauperis, filed this prisoner's civil rights action seeking a declaratory judgment that § 28(2) of Senate Bill No. 2005 is unconstitutional.[1] In accordance with the court's order, Horton submitted an amended complaint using the court's form for prisoners' civil rights actions. Horton contends that § 28(2) extends radio and television privileges only to those inmates who participate in a work program or those in the Regimented Inmate Discipline Program. He contends that the class of inmates who cannot participate in the work incentive programs and earn such privileges are treated differently and, thus, are subject to unlawful discrimination in violation of the Equal Protection and Due Process clauses of the U.S. Constitution.

The district court, sua sponte, dismissed the complaint as frivolous under 28 U.S.C. § 1915. The court found Horton's suit barred by the Eleventh Amendment, and alternatively on the ground that, under *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71

---

[1] Section 28(2) provides, in relevant part, that "[n]o convict incarcerated in a state correctional facility or a private correctional facility may be authorized or permitted to operate, use or have in his possession during the term of his incarceration any radio, television, record player, tape player, recorder, compact disc player, stereo or computer, except when such devices are used in a work incentive program or Regimented Inmate Discipline Program authorized and adminstered by the Department of Corrections." Senate Bill No. 2005 § 28(2), 1994 Special Session (to be codified at § 47-5-124). Senate Bill No. 2005 was enacted by the Mississippi Legislature and ratified by the Governor during the First Special Extraordinary Session of 1994.

(1989).  Horton timely appealed.

ARGUMENT AND ANALYSIS

Horton argues that he is not seeking damages, but only prospective injunctive and declaratory relief from the State. Consequently, he argues that the Eleventh Amendment is no bar to his suit.

A district court may dismiss an <u>in forma pauperis</u> complaint as frivolous under § 1915(d) if it lacks an arguable basis in law or fact.  *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).  A § 1915(d) dismissal is reviewed for abuse of discretion.  *Denton*, 504 U.S. at 33.

Under the principles established in *Ex parte Young*, 209 U.S. 123 (1908), "the Eleventh Amendment does not bar a suit in federal court against a state official to enjoin his enforcement of a state law alleged to be unconstitutional."  *American Bank and Trust Co. v. Dent*, 982 F.2d 917, 920 (5th Cir. 1993).  Moreover, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *American Bank*, 982 F.2d at 921 (quoting *Will*, 491 U.S. at 71 n.10).  Therefore, the district court erred in finding Horton's complaint barred by the Eleventh Amendment and also in finding, alternatively, that the state is not a person under § 1983 in this instance.

Horton pursues his claim against the individual members of the Mississippi State Senate.  This he cannot do because state

3

legislators in the act of legislating are absolutely immune from suit under 42 U.S.C. § 1983. *Hughes v. Tarrant County, Tex.*, 948 F.2d 918, 920 (5th Cir. 1991). Nevertheless, as a <u>pro se</u> prisoner, Horton should be "accorded leniency" and be allowed to amend his pleadings when it is clear from his complaint that it is not frivolous. *See Gallegos v. La. Code of Criminal Procedures Art. 658*, 858 F.2d 1091, 1092 (5th Cir. 1988) (<u>pro se</u> plaintiff who has named the wrong defendant should be permitted to amend his pleadings when it is clear from his complaint that there is a potential ground for relief). The proper party defendant is likely a state department of corrections or a state agency charged with implementing § 28(2), rather than the individual state senators who enacted the provision. *See, e.g., Baran v. Port of Beaumont Navigation Dist.*, 57 F.3d 436, 438 (5th Cir. 1995) (suing a state agency responsible for enforcing the challenged statute). Because Horton's complaint is not frivolous as a matter of law, the court abused its discretion when it <u>sua sponte</u> dismissed his complaint.

For the foregoing reasons, the judgment of the district court is REVERSED and REMANDED.